IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., *et al.*, <br><br>                   Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> **ZTE CORP.**, *et al.*, <br><br>                   Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00009-RGA |
| **INTERDIGITAL COMMUNICATIONS, INC.**, *et al.*, <br><br>                   Plaintiffs and Counterclaim Defendants; <br><br> v. <br><br> **NOKIA CORP.**, *et al.* <br><br>                   Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00010-RGA |

MEMORANDUM ORDER

Before the Court is a dispute regarding the construction of several claim terms found in U.S. Patent No. 7,286,847. (1:13-cv-00009-RGA, D.I. 261; 1:13-cv-00010-RGA, D.I. 225).[1] The Court has considered the Parties' Amended Joint Claim Construction Brief. (D.I. 140). This is a continuation of the Court's April 22, 2014 Markman Opinion. (D.I. 253). The parties requested the construction of two terms, "circuit" and "[re-]synchroniz[ed/ing] to the/a pilot signal" in their letter dated May 2, 2014. (D.I. 261). The Court will now construe the term "circuit" and will reserve judgment on the term "[re-]synchroniz[ed/ing] to the/a pilot signal."

A.  *"circuit"*

1.  *Plaintiffs' proposed construction*: "electronic components that may include digital circuitry, analog circuitry, software, firmware, or a combination of these elements"

2.  *Defendants' proposed construction*: "arrangement of electrical components [further] configured, without the use of software, to"

3.  *Court's Construction*: "arrangement of electrical components"

The Plaintiffs argue that the "the term requires no special or judicial construction." (D.I. 140 at 39). The Plaintiffs cite as support for its claim construction the IEEE Standard Dictionary of Electrical and Electronic Terms and the term's use in the '847 patent specification. *Id.* at 39, 40. The Defendants also cite as evidence the IEEE Standard Dictionary of Electrical and Electronic Terms and to figures present in the '010 patent specification. The Plaintiffs state that the Defendants' construction is satisfactory, with the exception of the phrase "without the use of software."

---

[1] Unless otherwise noted, all subsequent citations to the Docket will be for case 1:13-cv-00009-RGA.

The Court construes "circuit" to mean an "arrangement of electrical components." The '847 patent specification does not define the term "circuit." Indeed, the term circuit is not used in the '847 patent specification. Therefore, as the inventor did not provide a specific definition for the term, the Court turns to the common meaning of the term within the field at the time of the invention. Both parties agree that this can be derived from the IEEE Standard Dictionary of Electrical and Electronic Terms. The Court also agrees. Finally, the Court finds that the Defendants' proposal to include the construction "without the use of software" would add a limitation to the term that is not found in the patent itself. In fact, to support the Defendants' position, the Defendants cite another patent, the '010 patent, presumably because support for their definition cannot be found within the '847 patent itself.

Entered this 29th day of May, 2014.

Richard G. Andrews
United States District Judge

3