IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERDIGITAL COMMUNICATIONS, INC.**, *et al.*,<br><br>    Plaintiffs and Counterclaim Defendants;<br><br>v.<br><br>**ZTE CORP.**, *et al.*,<br><br>    Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00009-RGA |
| **INTERDIGITAL COMMUNICATIONS, INC.**, *et al.*,<br><br>    Plaintiffs and Counterclaim Defendants;<br><br>v.<br><br>**NOKIA CORP.**, *et al.*<br><br>    Defendants and Counterclaim Plaintiffs. | Civil Action No. 1:13-cv-00010-RGA |

MEMORANDUM ORDER

1

Before the Court is a dispute regarding the construction of a claim term found in U.S. Patent No. 7,286,847. (1:13-cv-00009-RGA, D.I. 261; 1:13-cv-00010-RGA, D.I. 225).[1] The Court has considered the Parties' Amended Joint Claim Construction Brief along with the parties' supplemental briefing. (D.I. 140, 303, 304, 319, 321). The Court heard oral argument on June 23, 2014. (D.I. 302). This is a continuation of the Court's April 22, 2014 Markman Opinion and the Court's May 29, 2014 Memorandum Order. (D.I. 253, 271).

A.  *"[re-]synchroniz[ed/ing] to the/a pilot signal."*

1.  *Plaintiffs' proposed construction*: "establish a timing reference with a pilot signal transmitted by said base station"

2.  *Defendants' proposed construction*: "align the beginning of the subscriber unit's received and transmit spreading codes to the beginning of a pilot signal"

3.  *Court's Construction*: "establish a timing reference with a pilot signal"

The Plaintiffs argue that their construction is "undisputedly the plain meaning of the claim language." (D.I. 304 at 1). The Plaintiffs maintain that the claim does not limit the scope of the term. *Id.* at 2. Furthermore, the Plaintiffs contend that "The fact that transmissions are mentioned later in the claims and are important to the invention has no bearing on the construction of the claim term. . . ." *Id.* at 3 (internal citation and quotation marks omitted). Conversely, ZTE argues that both the plain language of the claim and the specification supports its claim construction. (D.I. 303 at 2). ZTE argues that because the second half of the claim refers to a transmitter, this must be read onto the portion of the claim the includes the disputed

---

[1] Unless otherwise noted, all subsequent citations to the Docket will be for case 1:13-cv-00009-RGA.

claim term. *Id.* Furthermore, ZTE argues that the relevant portion of the specification describes the present invention by limiting it to aligning the beginning of the transmit spreading code with the pilot code. *Id.* at 3. The Court agrees with the Plaintiffs.

The Court construes "[re-]synchroniz[ed/ing] to the/a pilot signal" to mean "establish a timing reference with a pilot signal." The Court finds that if it were to adopt ZTE's construction, it would improperly read limitations from the specification into the claim. I do not agree with ZTE that column 5 of the specification limits the scope of the term. The specification describes one embodiment of the specification by stating, "In accordance with the present invention…" `847 Pat. at 5:6-7. This phrase does not limit the claimed invention, but instead indicates that the description that follows is simply providing one possible embodiment. Furthermore, the Court agrees with the Plaintiffs that simply because "transmission" signals are discussed later in the claim, such discussion does not serve to limit the claim term. Furthermore, the Court finds that the phrase "transmitted by said base station," which the Plaintiffs wish to be included in the claim construction, appears to serve no purpose other than to clarify where the pilot signal comes from. The patent claims make clear that the pilot signal derives from the base station, thereby making this phrase redundant and unnecessary. As the inventor did not limit the meaning of the claim term in the specification, nor elsewhere in the patent's file wrapper, the Plaintiffs' construction is appropriate, with the exception of the phrase "transmitted by said base station," as the Defendant's construction would inappropriately limit the claim term.

Entered this 8th day of August, 2014.

*Richard G. Andurm*
United States District Judge

3