**Smith,
Katzenstein
& Jenkins LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P. O. Box 410
Wilmington, DE  19899
(Courier 19801)
Phone  (302) 652-8400
Fax (302) 652-8405
www.skjlaw.com

October 14, 2014

***By ECF***

The Honorable Richard G. Andrews
The District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware  19801

**Re:  *InterDigital Communications, Inc. et al. v. ZTE et al.***
**    *C.A. No. 13-0009 RGA***

Dear Judge Andrews:

I write on InterDigital's behalf in response to the Defendants ZTE Corporation and ZTE (USA) Inc.'s October 13, 2014 letter regarding certain InterDigital advertisements.  The issue does not warrant the Court's time.  Regardless, InterDigital will have the subject advertisements available should the Court wish to review them first-hand at the pretrial conference.

InterDigital's advertisements are unrelated to issues to be decided during this liability trial and there is no indication that they implicate ZTE's right to an impartial jury.  Many companies – including InterDigital licensees such as Apple and Samsung – conduct legitimate marketing activities while also involved in patent litigation.  This is no different.

InterDigital respectfully requests that this Court (i) deny ZTE's request that InterDigital be ordered to cease marketing and advertising activities, which serve legitimate business purposes and are unrelated to this case; and (ii) deny ZTE's untimely, irrelevant, and burdensome attempt to compel additional information concerning InterDigital's marketing and advertising activities, which would serve no utility in view of the additional relief ZTE seeks pertaining to *voir dire* and an additional jury instruction.[1]  While InterDigital has no objection to these forms of relief generally, InterDigital believes them to be unnecessary and duplicative, particularly in light of joint proposed preliminary jury instruction IV.4.  InterDigital also objects to ZTE's request that its special *voir dire* question be read to the jury every morning as unnecessary, redundant, and burdensome.[2]

---

[1] InterDigital was first provided with ZTE's proposed *voir dire* and jury instructions *yesterday,* when ZTE filed its letter with this Court.  These proposals were modified without warning or clear identification of the modifications *today*, mere hours before InterDigital was to file this letter.  Had ZTE suggested their proposed *voir dire* and jury instructions attached as Exhibit I to ZTE's letter earlier, these issues might have been resolved without burdening the Court.  Given the relief ZTE seeks and its lateness in identifying that relief, ZTE's sole purpose in burdening the Court with this issue appears to be to somehow tar InterDigital (without any legitimate basis).

[2] This daily *voir dire* recitation also seems calculated to precipitate grounds for a mistrial which, given ZTE's attempts to avoid trial over the past six weeks, is unsurprising.

The Honorable Richard G. Andrews
October 14, 2014
Page 2

InterDigital has come to understand in recent years that it needs to raise its profile in the areas where it does business. This includes Wilmington, as well as the Philadelphia/King of Prussia, New York City, and San Diego areas. Contrary to ZTE's insinuations, InterDigital's advertising effort in these areas is unrelated to pending litigation. Rather, it is directed to (1) enhancing InterDigital's ability to recruit the highly-skilled engineers and employees it needs for its extensive research and development activities, (2) attracting potential investors and clients, and (3) becoming better known within the various business and policy-making communities where it operates. The advertising about which ZTE complains is part of pursuing those legitimate business objectives.

ZTE's contention that the ads "directly address issues to be tried before the Court" is wrong. As will be evident from a viewing of the advertisements, or even just reviewing the transcript of those commercials ZTE provided to this Court as Exhibit B to its letter, the advertisements contain truthful, factual and generic information regarding InterDigital's history in the telecommunications field and employment of engineers, as well as its involvement many years ago in what has become one of today's most important telecommunications technologies. The advertisements do not reasonably relate to the issues to be tried before this Court, *i.e.* InterDigital's allegations that ZTE's products infringe InterDigital's patents and ZTE's allegations that the asserted claims are invalid.

ZTE's reliance on a single criminal case in which the government charged a corporation and several employees with conspiracy to defraud the United States and making false and fraudulent statements to the United States proves the point. In that case, *United States v. Northrop*, the defendants (charged with making false and fraudulent statements) ran television advertisements in which famed test pilot Chuck Yeager introduced a Northrop employee who extols the character, credibility, and reputation of Northrop and its employees. No. CR 89-303 PAR, 1990 WL 71352 (C.D. Cal. Feb 15, 199) (Not Reported in F.Supp.) There, because the defendants running the advertisements were charged with fraud and false statements, and their trustworthiness was ***directly related*** to the charges on which they were indicted, the judge was persuaded that "Northrop's program of pre-trial and trial advertising" was "aimed at persuading the viewer that Northrop employees think about quality control, testing, reliability and safety… [and] pertains directly to Northrop's corporate and employee character, reputation and state of mind, central issues in the trial that is about to begin." *Id.* at *2. Here, InterDigital is not accused of anything, nor do the advertisements address the issues relevant to this trial—InterDigital's allegations that ZTE's products infringe InterDigital's patents and ZTE's allegations that the asserted claims are invalid.

The law applicable to civil cases permits InterDigital's advertising to continue. For example, in one Third Circuit civil case, a party moved for issuance of a contempt citation for a group of insurance companies that ran advertisements prior to a jury trial that explicitly said: "Next time you serve on a jury, remember this: When you are overly generous with an insurance company's money, you help increase not only your own premiums, but also the cost of every article and service you buy." *Hoffman v. Perruci*, 222 F.2d 709 (3rd Cir. 1955). Even with language undisputedly aimed directly at potential jurors, the trial court dismissed the motion, holding that the advertisements "do not interfere with the ordinary administration of justice" and "[t]here is not present that extremely high degree of imminence of the substantive evil which would justify punishment of the

The Honorable Richard G. Andrews
October 14, 2014
Page 3

publications." *Id.* at 2.  Instead, the trial court held that the appropriate remedy was through the *voir dire* process, saying that "[b]efore a jury is empaneled to hear the action here involved, plaintiffs will have an opportunity to question the prospective jurors concerning the possible effect such advertisements and pamphlet may have on any award of damages which they may render." *Id.* The Third Circuit agreed.  *Id; see also Quinn v. Aetna Life & Casualty Co.*, 482 F. Supp 22 (E.D.N.Y. 1979) (permitting advertisements where "[t]he advertisements in question were not directed solely to jurors but to the general reading public.")  As with the advertisements in *Hoffman*, InterDigital's advertisements "do not interfere with the ordinary administration of justice" and the *voir dire* process to be conducted by this Court will ensure that ordinary administration of justice.  ZTE's request that InterDigital be ordered to cease marketing and advertising activities unrelated to this case is excessive, unnecessarily burdensome, and should be denied.

As noted, above, InterDigital does not object to ZTE's request that this Court use the additional *voir dire* and jury instructions attached as Exhibit I to its letter at the start of trial.  It is unfortunate that ZTE chose for the past several weeks (since the Court confirmed the trial date) to threaten drastic remedies, including a continuance or relocation of the trial and/or fees and costs, rather than simply providing the *voir dire* and jury instructions to InterDigital. (ZTE Letter at Ex. E).  Had ZTE done so, the parties would have readily resolved this issue without wasting the Court's time.  In fact, the parties already met and conferred regarding jury instructions prior to the filing of the Preliminary Instructions last Friday, October 10, and included a similar jury instruction that "Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom." (D.I. 378, Joint Proposed Preliminary Jury Instructions at 5).  Though InterDigital believes this instruction (which *InterDigital* proposed) sufficiently informs the jury of their duty to decide the case only on the evidence, it does not oppose ZTE's additional language (proposed for the first time yesterday in its letter to this Court).

As for the additional relief requested by ZTE, that the Court compel InterDigital's production of "the full schedule of advertisements already run or planned to be run in the Delaware market from the inception of the campaign through the end of trial (including date, time, and channel)," such information serves no purpose other than to distract InterDigital from efficiently preparing and presenting its case to the jury.  ZTE does not identify any particular reason it seeks this additional information, other than to determine "whether any additional relief is warranted."  InterDigital requests that this Court reject ZTE's request for the production of the irrelevant advertising data; it is just another of ZTE's continued efforts to obstruct InterDigital's preparations for trial.[3]

---

[3] This issue has been raised in writing prior to the Final Pretrial Conference at InterDigital's insistence.  *See*  Joint Proposed Final Pretrial Order at ¶ 81.  However, InterDigital objects to any reply by ZTE on this matter as unnecessarily multiplying the filings before the Court.

The Honorable Richard G. Andrews
October 14, 2014
Page 4


Respectfully,

*/s/ Neal C. Belgam*

Neal C. Belgam (No. 2721)

NCB/vkm

Enclosure

cc:  Clerk of Court
     Counsel of Record