

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

October 14, 2014

**BY CM/ECF AND HAND DELIVERY**

The Honorable Richard G. Andrews
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: *InterDigital Communications, Inc., et al v. ZTE Corporation, et al.*, C.A. No. 13-009

Dear Judge Andrews:

I write in brief reply to InterDigital's letter. InterDigital opposes such a reply but its letter raised new points, and ZTE respectfully requests that the Court consider this brief reply.

InterDigital does not deny that the ads began a week before jury selection in the related case, instead offering new "business reasons" for its ads, including that Apple and Samsung advertise. Apple and Samsung, however, sell consumer products, and their ads run year-round, regardless of litigation. And here the ads are directed to central issues in the litigation. For example, InterDigital's ads claim it was working on 4G ten years before the standard was released, and now InterDigital is asserting a patent filed in 2003 against current 4G products.

As the correspondence shows, ZTE diligently pursued this matter upon learning of InterDigital's ads. ZTE wants to ensure a fair trial, nothing more. While additional remedies may be appropriate, ZTE cannot address them until InterDigital provides more information. ZTE should not be faulted for approaching this critical issue with caution.

InterDigital's cited cases are readily distinguishable. *Hoffman v. Perrucci*, which predates the Supreme Court's decision in *Central Hudson*, differs because (i) plaintiff sought a perpetual injunction, (ii) against insurance companies who were not parties to the underlying action, and (iii) the remedy sought was criminal contempt. In addition, the Court applied a standard inapplicable to commercial speech post-*Central Hudson*.

*Quinn v. Aetna*, which also predated *Central Hudson*, involved a suit to enjoin insurance companies from advertising about the size of tort damages. Unlike the present case, *Quinn* involved a criminal statute, and the court found that the speech at issue was "fully protected political expression" and not commercial speech. *Quinn* v. *Aetna Life*, 482 F. Supp. 22 at 29.

Because InterDigital's speech is admittedly commercial speech, and the *Central Hudson* test is met, the Court should order InterDigital to cease its advertising through the conclusion of trial. As the *Northrop* court found, because these ads have the ability to influence the jury pool, the partiality or prejudice caused by them "is much more difficult to uncover in voir dire, and therefore much more insidious than" a press release, for example. *Northrop,* 1990 WL 71352, at *4. For that reason, voir dire alone is "not a feasible alternative" to enjoining additional ads. *Id.* at *6. The jury should not be exposed to these ads during trial and deliberations.

■ ■ ■

The Honorable Richard G. Andrews
October 14, 2014
Page 2

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan

cc: Neal C. Belgam, Esq. (By CM/ECF and Hand Delivery)