**Smith,
Katzenstein
& Jenkins LLP**

*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, Suite 1000
P. O. Box 410
Wilmington, DE  19899
(Courier 19801)
Phone  (302) 652-8400
Fax (302) 652-8405
www.skjlaw.com

October 26, 2014

**By CM/ECF and E-mail**

The Honorable Richard G. Andrews
The District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

*Re: InterDigital Communications, Inc. et al. v. ZTE et al.,  C.A. No. 13-0009 RGA*

Dear Judge Andrews:

I write in response to ZTE's October 25, 2014 letter requesting the Court reconsider its ruling that "neither side is going to be referring to whether PDP context was something that was in the papers that were submitted back and forth to the Patent Examiner's office." (*See* Trial Tr. at 1633:6-10.)   ZTE contends that it is entitled to argue to the jury that because InterDigital allegedly did not inform the PTO that it believed PDP context to be included within the scope of the asserted claims of the '244 patent, the jury should infer that the PTO could not have properly understood the claims when it decided to issue them over Jawanda.  (ZTE letter at 1-2.)  In essence, ZTE wants the jury to consider Jawanda without deference to the PTO in light of alleged "new evidence."  But ZTE is both wrong and inconsistent about what exactly this "new evidence" is.  If the alleged "new evidence" is that the PTO did not consider that a PDP context could be a logical connection, there is simply no basis in the record to support ZTE's speculative inference.  If the alleged "new evidence" is that InterDigital failed to disclose something to the PTO, (ZTE letter at 2), then that "new evidence" is irrelevant (because it does not establish any elements of invalidity, and ZTE has not raised any inequitable conduct defense), misleading, and prejudicial.  Either way, the foundation for ZTE's letter request for reconsideration crumbles, revealing ZTE's plain intent to infect the jury with some suggestion that InterDigital intentionally deceived the Patent Office.

First, ZTE admits that it wants to present argument during its closing regarding InterDigital's alleged "failure to disclose the PDP context during prosecution." (ZTE Letter at 2.)  ZTE's suggestion to the jury that InterDigital purportedly "failed" to disclose evidence during prosecution – in addition to being false – will also necessarily imply to the jury that InterDigital

The Honorable Richard G. Andrews
October 26, 2014
Page 2

had an obligation to do so.  The Court has already recognized that such an implication creates a "risk that the jury would make a decision based on an improper basis." (Trial Tr. at 1627:16-17.)  This is particularly true here where it is well-settled that InterDigital had no such obligation. *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001) ("An applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention."); *see also Warner Chilcott Co., LLC v. Mylan Inc.*, 2013 U.S. Dist. LEXIS 92668 at *15 (D. Del July 1, 2013) (holding there is "no requirement that a patentee disclose by example every conceivable embodiment of the invention. Indeed, case law supports the contrary conclusion."); *Asahi Glass Co. v. Guardian Indus. Corp.*, 813 F. Supp. 2d 602, 617 (D. Del Sep. 26, 2011) ("It is well-established that inventors need not describe every conceivable embodiment of their invention.").

Further, what **InterDigital** considered to be a "logical connection" is irrelevant both to the prosecution of the '244 patent and ZTE's invalidity defense now.  "The subjective intent of the inventor when he used a particular term is of little or no probative weight in determining the scope of a claim (except as documented in the prosecution history)." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) (*aff'd* 517 U.S. 370 (1996)).  Thus, InterDigital's subjective interpretation of the claims is not even at issue in this case, nor was it at issue during prosecution. *Howmedica Osteonics Corp. v. Wright Medical Technology, Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("[I]t is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO.")

Second, ZTE's argument that the Patent Office did not understand a PDP context to be a logical connection during prosecution is also wrong and speculative. (ZTE Letter at 1-2).  As the Court recognized, "we don't know what the Patent Office was aware of or not aware of." (Tr. 1613:3-4.)  This is particularly the case when the record is "silent" as to a particular issue.  (*Id.* at 1613:17.)  In this case, ZTE has not produced any evidence that the examiner did not understand the claim limitation to cover a PDP context.

Indeed, the record evidence suggests that the Patent Office *did* understand that a PDP context could be a logical connection.  It is undisputed that the Patent Office had all of the relevant prior art before it during prosecution.  (Tr. at 1624:4-5 ("the examiner had the art in front of him"); 1635:22-23 (admitting that the examiner "had PDP context and the other references.").)  "The examiner must consider all the prior art references (alone and in combination) cited in the application or reexamination, including those cited by the applicant in a properly submitted Information Disclosure Statement."  MPEP § 707.05.  And patent examiners "are assumed to have some expertise in interpreting the [prior art] references and to be familiar from their work with the level of skill in the art." *Am. Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350, 1359 (Fed. Cir. 1984).  Because those of ordinary skill in the art understood a PDP context to be a logical connection (*see* Tr. at 1076:8-1089:6), the examiner would thus have understood – and evaluated the patentability of – InterDigital's claimed invention with that understanding. *See Am. Hoist*, 725 F.2d at 1359 (Patent Office "presumed to have properly done its job").

The Honorable Richard G. Andrews
October 26, 2014
Page 3

ZTE contends it will be prejudiced because InterDigital "will argue that the jury should give the Patent Office greater deference because the Patent Office already considered" Jawanda. (ZTE Letter at 2.); *see also* Tr. at 1620:12-15. But InterDigital is absolutely entitled to present this argument, *because it is a fact* that Jawanda was considered by the Patent Office during prosecution. In contrast, and as the Court recognized, ZTE's theory about what was inside the examiner's mind during prosecution is little more than "a very attenuated chain of inferences" and is not "a fair argument to put in front of the jury, because it cannot give them enough context, and they have not been given enough context to understand it." (Tr. at 1626:17-23.)

Third, ZTE contends that "InterDigital did not timely object to Dr. McLaughlin's testimony during his examination. (ZTE Letter at 2.) That is wrong. During ZTE's redirect of Dr. McLaughlin, and *before he was excused from the stand*, InterDigital raised the very objection ZTE now claims was untimely. (*See* Tr. at 1137:4-18.) The Court then instructed InterDigital to submit a suggested curative instruction. (*Id.* at 1138:2-5.) After receiving InterDigital's and ZTE's letters regarding the suggested curative instruction, the Court ruled that "neither side is going to be referring to whether PDP context was something that was in the papers that were submitted back and forth to the Patent Examiner's office." (*Id.* at 1633:6-10.)

Finally, ZTE contends that it is prejudiced by its abandonment of its contrived "Who is Chang?" theory of invalidity. (*See* Tr. at 1670:11; Letter at 3.) All parties engaged in litigation, including InterDigital, make decisions on which of many possible claims and defenses to pursue at trial. Having made the tactical decision to abandon that theory (which was devoid of any factual support), ZTE cannot now complain when the Court correctly determined that they may not argue the irrelevant and prejudicial theory that InterDigital allegedly failed to disclose material information to the Patent Office. (*See* Tr. at 1062:13-18 (ZTE counsel asking Dr. McLaughlin if InterDigital told the examiner "what's *really* going on here, what we're *really* trying to do.").)

The Court has ruled that ZTE will not "be able to suggest or mention or argue that InterDigital failed to bring this [PDP context issue] to the attention of the Patent Office." (*Id.* at 1627:23-1628:4.) That is because ZTE's factually unsupported theory is "a very attenuated chain of inferences" and not "a fair argument to put in front of the jury, because it cannot give them enough context, and they have not been given enough context to understand it." (Tr. at 1626:17-23.) ZTE's letter request for reconsideration is wrong on both the facts and the law, and unmasks ZTE's plain intent to imply to the jury that InterDigital acted improperly during prosecution of the '244 Patent, and therefore the patent should never have issued. The Court's ruling rejects ZTE's effort to prejudice InterDigital before the jury, and ZTE's letter request for reconsideration should be denied.

Respectfully,

*/s/ Neal C. Belgam*

Neal C. Belgam (No. 2721)

NCB/vkm

The Honorable Richard G. Andrews
October 26, 2014
Page 4


cc:     Clerk of Court
        Counsel of Record