# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>      Plaintiffs and Counterclaim Defendants,<br><br>            v.<br><br>ZTE CORPORATION, a Chinese corporation, and ZTE (USA) INC., a New Jersey corporation,<br><br>      Defendants and Counterclaim Plaintiffs. | Civil Action No.: 1:13-cv-00009-RGA<br><br>**JURY TRIAL DEMANDED** |

**INTERDIGITAL'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE ALLEGEDLY "UNUSED" TRIAL EXHIBITS**

Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc. ("InterDigital") partially oppose Defendants' October 26, 2014 Motion to Strike allegedly unused trial exhibits. InterDigital does not oppose the motion as it relates to the chart of exhibits listed on page 1 of Defendants' motion. InterDigital opposes Defendants' motion, however, to the extent it seeks to strike PX-0624, which is U.S. Patent No. 5,799,010 ("the '010 patent'). As shown below, the '010 patent was used multiple times during the trial and by both parties.

As noted in ZTE's Motion, the Court proposed on the first day of trial that the parties adopt "what I call the Judge Robinson strategy, which is they can do the omnibus motion and if

they don't actually use them, we'll strike them." (Tr. at 32:12-13.) ZTE's counsel agreed with the Court ("That's fine, Your Honor") and further clarified that ZTE understood that if "[t]hey are not used at trial, they're stricken from the record. We're satisfied." (Tr. at 32:19-21.)

As Defendants admit in their motion, the '010 patent *was* used by all three experts who addressed the '847 and '966 patents—including Defendants' own expert, Dr. Kakaes. (Motion at 2.) ZTE contends, however, that each use was nothing more than a "cursory reference" that allegedly did not provide the jury with any testimony about its "content or alleged relevance to the issues in this trial." (Motion at 3.) ZTE is wrong.

For example, Dr. Jackson testified during his direct examination that "[t]he [847 and 966] patents refer to another patent, the '010 patent, which is much longer and thicker. I spent a number of hours reading that patent over and over again to understand it… And I looked at some of the references that were referred – that the incorporated '010 patent talks about, so I could understand the paragraph or two in which those references, the references to those documents occurred." (Trial Tr. 313:5-313:15.) And during the direct examination of ZTE's expert, Dr. Kakaes, he expressly testified substantively about the relevance of the '010 patent:

> **Q.** Are you familiar with another patent, different from the two we're talking about here, but a patent number 5,799,010, which is also referred to as the '010 patent?
> **A.** Yes, I am.
> **Q.** Did you consider that patent in reaching your conclusions for this case?
> **A.** Yes, I did.
> **Q.** What's the relationship between the '010 patent and the '966 and '847 patents that are at issue here?
> **A.** The specification of the patents that are at issue here like, for example, using the '966 -- by the way, I should probably say the specification of the '966 and the '847 patent are virtually identical, if not identical. So when I say the specification, I'm clearly referring to either one. It just doesn't make any difference. So the specification of those two patents make reference to the '010 in a couple places. So I looked at the '010 to make sure I wasn't missing anything.

(Tr. at 1160:6-1161:4.)  This is substantially the same type of testimony supporting the admission of PX-706 and PX-707, the file histories for the '966 and '847 patents, for which ZTE had no objection. (Tr. at 312:11-313:1 (Jackson); 1161:15-1162:21 (Kakaes); 1437:18-1438:8 (Haas); *see also* Tr. at 1350:6-24 (Kakaes) (admitting PX-618 with no objection after Dr. Kakaes takes a "quick look" at it.))  Lastly, InterDigital's rebuttal expert on the '847 and '966 patents, Dr. Haas, also testified that "[t]here's another patent which we referred to as the '010 patent.  It's actually an acquired patent, but it's incorporated by reference into those two random access patents."  (Tr. at 1438:12-15.)  And when asked if he had reviewed the '010 patent, Dr. Haas responded "[i]n great detail, sir" and that his review of the '010 patent was "wonderful, actually, because it provides a lot of information" that he relied on to better understand the '966 and '847 patents. (Tr. at 1438:17, 19-21.)

The trial testimony plainly demonstrates that ZTE's contention that the '010 patent "has not been used and should not be a part of the record in this case" is wrong.  InterDigital respectfully requests the Court deny Defendant's motion to strike PX-0624 .

Dated: October 26, 2014

   */s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Clarissa R. Chenoweth (No. 5728)
SMITH KATZENSTEIN & JENKINS
The Corporate Plaza
800 Delaware Avenue, Suite 1000
Wilmington, Delaware  19899
Telephone:  (302) 504-1688
Facsimile:  (302) 652-8405
nbelgam@skjlaw.com

*Counsel for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.*

OF COUNSEL:
Ron E. Shulman
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025 USA
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Maximilian A. Grant
Bert C. Reiser
Jonathan D. Link
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Julie M. Holloway
LATHAM & WATKINS LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

David S. Steuer
Michael B. Levin
Maura L. Rees
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811