IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERDIGITAL COMMUNICATIONS INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 13-9-RGA |
| ZTE CORPORATION, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| INTERDIGITAL COMMUNICATIONS INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 13-10-RGA |
| NOKIA CORPORATION, et al., | : | |
| Defendants. | : | |

**ORDER**

I have a request from Defendants to brief a motion for summary judgment of non-infringement of U.S. Patent No. 7,941,151. (No. 13-9-RGA, D.I. 502; No. 13-10-RGA, D.I. 431).[1] I have an answer and a reply. (D.I. 506, 507).

The first trial on the '151 patent is scheduled for April 20, 2015, less than a month from now. The second trial is the following week.

---

[1] Subsequent docket item citations are to the record in No. 13-9-RGA.

While Defendants make a number of arguments, the only one that approaches being persuasive[2] is that Plaintiff's expert's previous testimony precludes a finding of infringement. Defendants show that the expert has testified that each PDCCH carries only one DCI message, and that the DCI message can contain either uplink channel assignment information or downlink channel assignment information, but not both at the same time. (D.I. 502, at 2). My claim construction requires that "the one physical downlink control channel" (or, PDCCH) receive both uplink channel assignment information and downlink assignment information, although not necessarily at the same time.

Plaintiff's answer is that the testimony on which Defendants rely establishes only that Plaintiff's expert said one PDCCH could not receive both uplink channel assignment information and downlink assignment information at the same time. (D.I. 506, at 2). Plaintiff's argument is that the same PDCCH carries uplink channel assignment information and downlink assignment information, just not at the same time. I further understand Plaintiff's expert to say that the one PDCCH exists at multiple times, and that therefore, as a matter of probability,[3] the one PDCCH will sometimes have uplink channel assignment information and at other times will have downlink assignment information.

Defendants' reply is not persuasive. Although it quotes the expert's previous testimony, it does not seem to foreclose the expert from making the argument that he now makes.

I think there is a disputed issue of material fact. Therefore, I deny the Defendants'

---

[2] The ITC argument is unpersuasive. As Defendants note, the ruling in that matter, which is not binding on this Court, was made after a "full evidentiary hearing." (D.I. 507, at 3).

[3] Defendants cite the expert's deposition testimony (D.I. 503-1, at 15 [Ex. C at 322:19-323:14]) to undercut his probability argument, but the cited excerpt is not helpful in evaluating the expert's testimony.

request.

    IT IS SO ORDERED this 23rd day of March 2015.

                                        /s/ Richard G. Andrews
                                        United States District Judge