IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs<br><br>v.<br><br>ZTE CORPORATION, a Chinese corporation, and ZTE (USA) INC., a New Jersey corporation,<br><br>Defendants. | C.A. No. 13-009-RGA |

MEMORANDUM ORDER

Before the Court is ZTE's request to exclude Dr. Haas's testimony with respect to his statistical conclusions regarding how PDCCHs operate in the accused devices, as well as Plaintiffs' response. (D.I. 518, 522, 525). The Court heard oral argument and expert testimony at a *Daubert* hearing on April 14, 2015. (D.I. 523).

Though Defendants state that Dr. Haas's testimony fails under Federal Rule of Evidence 702, the majority of their arguments relate to lack of disclosure. Defendants argue that Dr. Haas never provided bases for his conclusion that it is statistically likely that the same resource elements carrying an occurrence of a PDCCH will be used to transmit both uplink and downlink channel assignment information. (D.I. 518 at p. 4; D.I. 522). Defendants argue that because he failed to disclose the bases or methodology for his statistical conclusions, he should be precluded

from testifying as to them at trial. (D.I. 522 at p. 1). Plaintiffs respond that Dr. Haas's theory was disclosed in his opening report and multiple times since. (D.I. 525 at 1-2).

I find that the gist of Dr. Haas's theory was disclosed in his expert reports, but that he did not disclose the mathematical analysis he presented at the *Daubert* hearing. Dr. Haas will therefore be permitted to testify about his theory generally, but cannot engage in mathematical analysis unless asked on cross-examination. Dr. Haas may testify that there are a finite number of locations a PDCCH can occupy, and because there are thousands of channels it is very likely that one location will, over time, be occupied with a PDCCH carrying uplink channel assignment information and a PDCCH carrying downlink channel assignment information. Dr. Haas may not testify that there are 70 candidate locations, as that number was not disclosed prior to the *Daubert* hearing. Nor may he testify that there is a one-in-a-million chance that a resource element will not carry both types of assignment information.

Entered this 17 day of April, 2015

*Richard G. Andrews*
United States District Judge