IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., and INTERDIGITAL HOLDINGS, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>ZTE CORPORATION, and ZTE (USA) INC.,<br><br>Defendants and Counterclaim Plaintiffs. | C.A. No.: 13-009-RGA<br><br>**JURY TRIAL DEMANDED** |

**FINAL JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

1    General Instructions ............................................................................................................. 1

    1.1    Introduction ............................................................................................................. 1
    1.2    Juror's Duties .......................................................................................................... 1
    1.3    Burdens of Proof ..................................................................................................... 2
    1.4    Evidence Defined .................................................................................................... 3
    1.5    Consideration of Evidence ...................................................................................... 3
    1.6    Direct and Circumstantial Evidence ....................................................................... 4
    1.7    Use of Notes ............................................................................................................ 4
    1.8    Expert Witnesses .................................................................................................... 5
    1.9    Credibility of Witnesses ......................................................................................... 5
    1.10   Statements of Counsel ............................................................................................ 6

2    The Parties And Their Contentions ..................................................................................... 7

3    The Patent Claims ................................................................................................................ 8

    3.1    The Role of The Claims of A Patent ...................................................................... 8
        3.1.1   How a Claim Defines What It Covers ...................................................... 8
        3.1.2   Independent and Dependent Claims ......................................................... 9
        3.1.3   Open Ended or "Comprising Claims" ..................................................... 10
        3.1.4   Claim Interpretation ................................................................................ 10

4    Infringement ....................................................................................................................... 12

    4.1    Infringement Generally ........................................................................................ 12
    4.2    Direct Infringement .............................................................................................. 12
    4.3    Indirect Infringement – Inducement ..................................................................... 13
    4.4    Infringement of Individual Claims ....................................................................... 14

5    Deliberation and Verdict .................................................................................................... 15

    5.1    Introduction ........................................................................................................... 15
    5.2    Duty to Deliberate ................................................................................................. 15
    5.3    Unanimous Verdict ............................................................................................... 16
    5.4    Court Has No Opinion .......................................................................................... 17

FINAL JURY INSTRUCTIONS

## 1  GENERAL INSTRUCTIONS

### 1.1  Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say. In following my instructions you must follow all of them and not single out some and ignore others. They are all important.

You will have your written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

### 1.2  Juror's Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide which party should prevail on any given issue presented. It is my job to instruct you about the law, and

1

you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone (like Blackberries or iPhones), or computer of any kind; the internet, any internet service, or any text or instant messaging service (like Twitter); or any internet chat room, blog, website, or social networking service (such as Facebook, MySpace, LinkedIn, or YouTube), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## 1.3   Burdens of Proof

One legal concept you have heard about during the trial is the "burden of proof." As I mentioned at the beginning of the case, the Plaintiff is InterDigital. The Defendant is ZTE. The plaintiff has the burden of proving patent infringement by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what the plaintiff claims is more likely true than not.

### 1.4 Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments and questions are evidence. Nothing you saw or heard about this case outside the courtroom is evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 1.5 Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

3

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 1.6   Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial.

An example of "direct evidence" is when a witness testifies about something that the witness knows through her own senses—something the witness has seen, felt, touched, heard or did. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

The other type of evidence is "circumstantial evidence." "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 1.7   Use of Notes

You may use notes taken during the trial to assist your memory. Remember that your notes are for your personal use. They may not be given or read to anyone else. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the

highlights of the trial. There may be a tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Your notes are valuable only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.

### 1.8 Expert Witnesses

You also heard testimony from expert witnesses. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I will mention for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

### 1.9 Credibility of Witnesses

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on

5

the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. You may believe everything a witness says, or part of it, or none of it. This instruction applies to the testimony of all witnesses, including expert witnesses.

### 1.10 Statements of Counsel

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## 2   THE PARTIES AND THEIR CONTENTIONS

As I did at the start of the case, I will give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

As I previously told you, the Plaintiff contends that the use of certain wireless devices infringe claims 2 and 4-6 of the '151 patent. These claims are what we will all refer to as the Asserted Claims. The Defendant denies those allegations of infringement.

You will determine the questions of infringement for each Asserted Claim. In essence, you must decide whether the plaintiff has proven by a preponderance of the evidence that the defendant has directly infringed any one or more of the Asserted Claims of the '151 patent. You must also decide whether the plaintiff has proven by a preponderance of the evidence that the defendant has induced others to infringe any Asserted Claim.

## 3 THE PATENT CLAIMS

### 3.1 The Role of The Claims of A Patent

Before you can decide the questions of infringement in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent.

The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of a patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of patent's coverage. Each claim is effectively treated as if it were a separate patent. Each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the definition of the claims and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues of infringement that you are deciding.

### 3.1.1 How a Claim Defines What It Covers

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device satisfies each of these requirements, then it is covered by the claim.

8

Infringement of a patent is assessed claim-by-claim and product-by-product. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a thing (such as a product) meets all of the requirements of a claim, the claim is said to "cover" that thing. In other words, a claim is infringed where each of the claim elements or limitations is present in that product.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the definition of the words in the claims.

As I just instructed you, there are certain specific terms that I have defined and you are to apply the definitions that I provide to you.

### 3.1.2 Independent and Dependent Claims

There are two different types of claims in a patent. The first type is called an "independent" claim. An independent claim does not refer to any other claim of the patent. An independent claim is read alone to determine its scope.

For example, claim 1 of the '151 patent is an independent claim. You know this because claim 1 does not refer to any other claims. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

The second type, a "dependent" claim, refers to one or more other claims in the patent and, thus, incorporates all of the requirements of the other claim or claims to which it refers. The dependent claim then adds its own additional requirements. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the other claim or claims to which it refers.

9

For example, claim 2 of the '151 patent is a dependent claim. If you look at claim 2, it refers to claim 1. Therefore, to determine what claim 2 covers, you must consider the words of claims 1 and 2 together.

An accused product is only covered by, and is therefore infringing of, a dependent claim if the accused product meets all of the requirements of both the dependent claim and the claim(s) to which the dependent claim refers. Because a dependent claim incorporates all of the features of the independent claim it refers to, if you find that an independent claim is not infringed, then the claims that depend on that independent claim cannot be infringed.

### 3.1.3 Open Ended or "Comprising Claims"

Many of the asserted claims use the word "comprising."

"Comprising" is interpreted the same way as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the accused product must contain or use everything that is in the claim, but may additionally contain or use other things. Based on this explanation, if you find that the defendant's products include all of the requirements in any of the plaintiff's patent claims, the fact that the defendant's products may also include an additional component does not mean that the product does not infringe a patent claim.

### 3.1.4 Claim Interpretation

I will now explain to you the definition of some of the words of the claims in this case. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, you should apply their ordinary meaning. You should not take my definition of the language of the

10

claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement. These issues are yours to decide.

My constructions are set forth in an order which is included in your juror notebook. As I explained, you must consider the scope of the claims as I have interpreted them. Although you have heard discussions during the trial as to the embodiments or examples in the patent description, a claim is not necessarily limited to such embodiments or specific examples in the patent. The party seeking a patent need not disclose to the Patent Office every conceivable and possible future embodiment.

## 4 INFRINGEMENT

### 4.1 Infringement Generally

I will now instruct you as to the rules you must follow when deciding whether the plaintiff has met its burden of proving that the defendant has infringed any of the asserted claims of the '151 patent.

The patent laws give the owner of a patent the right to exclude others from importing, making, using, offering to sell, or selling the patented invention within the United States during the term of the patent. Any person or business entity that has engaged in any of those acts in the United States without the patent owner's permission infringes the patent.

A defendant may directly infringe a patent or indirectly infringe, by inducing others to directly infringe a patent.

Here, the plaintiff contends that the defendant infringes claims 2 and 4-6 of the '151 patent. The plaintiff also contends that the defendant indirectly infringes claims 2 and 4-6 of the '151 patent by having induced the infringement of those claims by others.

I will now explain what the plaintiff needs to prove to establish infringement.

### 4.2 Direct Infringement

In order to prove infringement of the Asserted Claims of the '151 patent by the Defendant, the Plaintiff must prove by a preponderance of the evidence that the Defendant used each of the Accused Products in a way such that each of the requirements of the Asserted Claims has actually occurred in the United States when the device was used. The source or sources of the components within those accused products is not relevant. A product that meets each of the requirements of the Asserted Claims infringes even if some of the components performing those requirements were purchased from other companies.

12

You must compare each accused product with each and every one of the limitations of each asserted claim to determine whether use of the accused products directly by the Defendant meets all of the limitations of that claim. You must consider each asserted claim separately.

### 4.3   Indirect Infringement – Inducement

The plaintiff alleges that the Defendant has indirectly infringed the Asserted Clams of the '151 patent by actively inducing someone else to directly infringe the '151 patent. As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis.

A defendant is liable for active inducement of a claim only if the plaintiff proves by a preponderance of the evidence that:

(1) someone other than the defendant made, used, sold, offered for sale or imported the accused products in a way that directly infringed that claim;

(2) the defendant actively aided, instructed, or otherwise took action intending to cause the infringing act by another who used the accused product; and

(3) the defendant was aware of the '151 patent and knew that the acts, if carried out by another, would constitute infringement of that claim.

In order to establish active inducement of infringement of a claim, it is not sufficient that someone who used the accused product directly infringed the claim. Nor is it sufficient that the defendant was aware of the acts by consumers who used the accused product that allegedly constitute the direct infringement. Rather, you must find that the defendant specifically intended consumers who used the accused products to infringe the '151 patent.

13

### 4.4  Infringement of Individual Claims

Infringement, whether direct or indirect, must be determined with respect to each asserted claim individually, and each accused product individually, by comparing the elements of the accused product to each of that claim's limitations. If the accused product omits any single limitation recited in a given claim, then you must find that defendant has not infringed that claim.

## 5  DELIBERATION AND VERDICT

### 5.1  Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

### 5.2  Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

15

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

### 5.3  Unanimous Verdict

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what

verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

### 5.4   Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

Finally, if I have read any of these instructions inconsistently with the written text, you are to rely on the written instructions in your deliberations.