IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., and INTERDIGITAL HOLDINGS, INC.,

    Plaintiffs;

v.

ZTE CORPORATION and ZTE (USA) INC.,

    Defendants.

Civil Action No. 13-009-RGA

MEMORANDUM OPINION

Neal C. Belgam, Esq., Clarissa R. Chenoweth, Esq., Smith, Katzenstein & Jenkins LLP, Wilmington, DE; Ron E. Shulman, Esq., Latham & Watkins LLP, Menlo Park, CA; Maximilian A. Grant, Esq., Bert C. Reiser, Esq., Jonathan D. Link, Esq., Latham & Watkins LLP, Washington, D.C.; Julie M. Holloway, Esq., Latham & Watkins LLP, San Francisco, CA; David S. Steuer, Esq., Michael B. Levin, Esq., Maura L. Rees, Esq., Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, attorneys for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.

Kelly E. Farnan, Esq., Travis S. Hunter, Esq., Richards, Layton & Finger, P.A., Wilmington, DE; Charles M. McMahon, Esq., Brian A. Jones, Esq., Hersh H. Mehta, Esq., McDermott Will & Emery LLP, Chicago, IL; Jay H. Reiziss, Esq., McDermott Will & Emery LLP, Washington, D.C., attorneys for Defendants ZTE Corporation and ZTE (USA) Inc.

June 7, 2016

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendants' Motion for Certification of Partial Final Judgment. (D.I. 578). The issues have been fully briefed. (D.I. 579, 581, 582). For the reasons set forth herein, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs asserted that Defendants infringed U.S. Patent Nos. 7,190,966, 7,286,847 (collectively "the power ramp-up patents"), 7,941,151 ("the '151 patent"), and 8,380,244 ("the '244 patent"). (D.I. 26). The Court bifurcated liability and damages for all four patent infringement claims. (D.I. 213). After a trial, a jury concluded that the power ramp-up patents and the '244 patent were valid and infringed. Subsequently, after an *inter partes* review proceeding, the Patent Trial and Appeal Board issued a Final Written Decision, finding all asserted claims of the '244 patent unpatentable. (D.I. 557, Ex. 1). The Court later denied Defendants' post-trial motions with respect to the power ramp-up patents, but withheld decision on any issues pertaining to the '244 patent, pending resolution of Plaintiffs' appeal from the PTAB decision. (D.I. 571). After a separate trial, a jury concluded that Defendants did not infringe the '151 patent. Neither party filed post-trial motions with respect to that finding.

Defendants now move for certification of partial final judgment on the power ramp-up patent infringement claims pursuant to Fed. R. Civ. P. 54(b). (D.I. 578). Plaintiffs oppose.

## II. LEGAL STANDARD

In any case involving multiple claims, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In considering whether to enter a Rule 54(b) judgment, courts use a two-step analysis. *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics*

2

*Research Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992). The Court must first decide, as a matter of law, whether a judgment is final. *Id.* If the requirement of finality is met, the Court must determine whether, in its discretion, there is any just reason for delay. *Id.*

A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Federal Circuit's jurisdiction is generally governed by the final judgment rule of 28 U.S.C. § 1295(a)(1). Under that rule, "a party may not take an appeal 'until there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1308 (Fed. Cir. 2013) (en banc) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)). There are certain exceptions to that rule, however, including 28 U.S.C. § 1292(c)(2). *Id.* Section 1292(c)(2) provides that the Federal Circuit has jurisdiction over a judgment "which would otherwise be appealable to the . . . Federal Circuit and is final except for an accounting." "[A]n 'accounting' . . . may include a trial on damages." *Robert Bosch*, 719 F.3d at 1310.

To determine whether there exists any just reason for delay, the Third Circuit has set forth five factors: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

**III. DISCUSSION**

3

I must first determine whether "a judgment [is] appealable as a final decision." *W.L. Gore*, 975 F.2d at 862. The Federal Circuit has held that a patent infringement liability judgment may be appealed when all that remains is a damages trial. *Robert Bosch*, 719 F.3d at 1317. Since § 1292(c)(2) constitutes an exception to the final judgment rule, an order which finally adjudicates patent infringement liability is "a decree [or] . . . order from which an appeal lies," Fed. R. Civ. P. 54(a), which satisfies the "final judgment" requirement of Rule 54(b). *See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc., USA*, 748 F.3d 1354, 1357-58 (Fed. Cir. 2014); *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008); *Open Text S.A. v. Box, Inc.*, 2015 WL 4940798, at *10 (N.D. Cal. Aug. 19, 2015), *appeal filed*, No. 15-2015 (Fed. Cir. Sept. 17, 2015). I therefore conclude that an entry of judgment as to patent infringement liability for the power ramp-up patents, when only a damages trial remains, is a final judgment for purposes of Rule 54(b).

I must next determine whether there is any just reason for delay. As to the first factor, Plaintiffs insist that "[t]he issue is whether there is overlap between the [power ramp-up] *liability* determination and the [power ramp-up] *damages* phase." (D.I. 581 at 16). I disagree. Were the '244 patent not at issue, Defendants could appeal as of right with respect to the power ramp-up patents. *Robert Bosch*, 719 F.3d at 1317; *see also Sanofi-Aventis*, 748 F.3d at 1357-58. Thus, the power-ramp up patent infringement claims are considered adjudicated for purposes of Rule 54(b). Since there is no overlap between the adjudicated power ramp-up patent infringement claims and the unadjudicated '244 patent infringement claims, I conclude that this factor favors a certification of partial final judgment.

As to the second factor, Defendants will eventually appeal the liability judgment with respect to the power ramp-up patents; the only question is when that will occur. The need for

appellate review will not be mooted by any future developments in the district court. This factor favors a certification of partial final judgment.

As to the third factor, patent infringement liability as to the power ramp-up patents has been conclusively determined. Therefore, there is no "possibility that the reviewing court might be obliged to consider the same issue a second time." *Berckeley*, 455 F.3d at 203. While there could be a future appeal with respect to the '244 patent—should the Federal Circuit reverse the PTAB—there do not appear to be any overlapping issues between the '244 patent infringement case and the power ramp-up patent infringement case. Therefore, this factor favors a certification of partial final judgment.

The parties agree that the fourth factor has no applicability here.

The fifth factor is a miscellaneous factor. The parties primarily dispute whether a certification of partial final judgment would promote judicial efficiency. As I see it, Defendants intend to appeal liability as to the power ramp-up patents at their earliest opportunity. A trial on damages is currently anticipated in February 2018. (D.I. 576 at 2). In all likelihood, the Federal Circuit will decide the '244 PTAB appeal no later than early 2017, and I will then decide the stayed post-trial motions in 2017, meaning that Defendants will be able to appeal as of right before we would have the damages trial in this case. Thus, this case will likely be appealed before any damages trial. Defendants, if their appeal has merit, will be able to avoid a damages trial regardless of when an appeal is taken. If the appeal is taken now, damages discovery might be avoided entirely. "Modern patent damages trials, with their attendant discovery, are notoriously complex and expensive. . . . Given the substantial reversal rate of liability determinations on appeal, the whole expense of a damages trial is often wasted." *Robert Bosch*, 719 F.3d at 1316. On the other hand, if I wait for events to take their course, the parties will

undergo the expense of discovery whether it is necessary or not. I therefore conclude that the certification of a partial final judgment would promote judicial efficiency. The fifth factor therefore favors certification.

Upon consideration of the Third Circuit's factors, I conclude that there is no just reason for delay.

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion for certification of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is **GRANTED**.