# SMITH KATZENSTEIN
## JENKINS LLP

April 13, 2018

***By ECF***

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

***Re: InterDigital Communications, Inc. et al. v. ZTE et al.; C.A. No. 13-0009 RGA***

Dear Judge Andrews:

I write on behalf of Plaintiffs InterDigital Communications, Inc. InterDigital Technology Corporation, IPR Licensing, Inc. and InterDigital Holdings, Inc. (collectively "InterDigital") and Defendants ZTE Corporation and ZTE (USA), Inc. (collectively "ZTE") (all collectively "the parties") to provide the Court with a further status report in the above-referenced action (which is currently administratively closed) pursuant to the Court's January 17 and January 26, 2018 Orders (D.I. 595, 596) regarding proceedings before the Patent Trial and Appeal Board ("PTAB") on U.S. Patent No. 8,380,244 ("the '244 patent").

On March 6, 2018, the PTAB entered its Decision on Remand determining that claim 8 of the '224 patent is unpatentable.  On April 10, 2018, InterDigital filed a notice of appeal seeking reversal of the PTAB's decision.  Because proceedings relating to the PTAB proceedings on the '244 patent are ongoing and have not yet been finally resolved, the parties request that the Court extend the stay previously granted in light of these proceedings.

InterDigital further notes that on November 27, 2017, the U.S. Supreme Court heard oral argument in *Oil States Energy Services, LLC v. Green's Energy Group, LLC*, Case No. 16-712, which challenges whether inter partes review ("IPR") proceedings before the PTAB (such as the IPR proceeding on the '244 patent) are constitutional.  InterDigital currently has a pending petition for a writ of certiorari with the Supreme Court in relation to the '244 PTAB proceedings, seeking dismissal of the PTAB proceedings on the same constitutionality grounds raised in the *Oil States* case.  A decision in *Oil States* is expected by the end of June 2018, and possibly sooner.  If the IPR framework is held unconstitutional, InterDigital believes this would nullify the PTAB proceedings on the '244 patent, allowing InterDigital's case on that patent to go forward in this Court in the near future.

Regardless of the outcome in *Oil States*, in the event InterDigital prevails in its appeal of the PTAB's latest decision and the validity of claim 8 of the '244 patent is confirmed, the parties believe it would be more efficient for the '244 patent to proceed in conjunction with the currently pending case on the two "power ramp up" patents, avoiding the potential need for two separate damages trials.

The Honorable Richard G. Andrews
April 13, 2018
Page 2

       Accordingly, the parties agree and request that the stay of this case be extended until the PTAB proceedings on the '244 patent are fully resolved, including any and all appeals.  The parties will provide regular status reports every ninety (90) days, as well as a report upon the final conclusion of the PTAB proceedings, including any appeals.

Respectfully,

*/s/ Neal C. Belgam*

Neal C. Belgam (No. 2721)

NCB/vkm

cc:    Clerk of the Court (*via ECF*)
       All Counsel of Record (*via ECF*)